O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIMOTHY GOMEZ; ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CV 12-5178 CAS <br> CR 10-1234 CAS <br><br> **ORDER DENYING PETITIONER'S REQUEST FOR A HABEAS PETITION (Docket # 10 , filed on Nov. 2, 2012)** |

## I. INTRODUCTION AND BACKGROUND

On March 11, 2011, a jury found petitioner Timothy Gomez guilty of possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B(ii). United States v. Timothy Gomez, CR No. 10-1234 CAS, Dkt. No. 107. On December 1, 2011, petitioner and the government executed a Post-Trial Agreement setting out various terms regarding defendant's sentencing. CR No. 10-1234 CAS, Dkt. No. 111. Pursuant to this agreement, petitioner agreed to admit to a violation of his supervised release in CR No. 06-101, and the parties agreed to recommend to the Court a total sentence of 78-months imprisonment. CR No. 10-1234 CAS, Dkt. No. 111. The government also agreed to dismiss a supplemental

information, CR No. 10-1234 CAS, Dkt. No. 18, that sought to increase petitioner's mandatory minimum punishment to 10 years imprisonment, based on defendant's prior felony drug conviction, pursuant to 21 U.S.C. § 851. Post-Trial Agreement ¶ 4(a). Additionally, petitioner gave up his right to appeal either of his convictions or sentence. Id. Petitioner also agreed not to bring a post-conviction collateral attack on the conviction or sentence, except those based on a claim of ineffective assistance of counsel. Id. On December 5, 2011, the Court sentenced petitioner to 78 months of imprisonment. Dkt. No. 111.

On May 2, 2012, petitioner filed an initial motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 113. On July 25, 2012, the government filed its initial opposition. Dkt. No. 116. On November 1, 2012, petitioner filed an amended motion to vacate, set aside or correct his sentence. Dkt. No. 119. His amended petition asserts that: (1) it was a violation of the Ninth and Tenth Amendments to the United States Constitution to indict him under U.S.C. §§ 841(a)(1) and 841(b)(1)(B(ii), (2) he was entitled to a "pre-indictment hearing" to address his Ninth and Tenth Amendments claims, (3) his attorneys were ineffective because they did not challenge his indictment based on the Ninth and Tenth Amendments, and (4) his conviction violated the Due Process clause because the jury was not properly instructed at his trial.

On December 3, 2012, the government filed its amended opposition, and on January 10, 2013, petitioner filed a reply. Dkt. No. 124. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that

course should be followed." Id. at 670.  Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing.  Hill v. Lockhart, 474 U.S. 52, 60 (1985).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

Petitioner argues that the deputy federal public defenders ("petitioner's counsel") who represented him at trial rendered ineffective assistance by failing to challenge his indictment on the basis that it violated the Ninth and Tenth Amendments.  In response, the government contends that petitioner's indictment does not violate the Ninth and Tenth Amendments because the federal narcotics statutes, including those underlying petitioner's convictions, were constitutionally enacted pursuant to Congress's authority under the Commerce Clause.  Accordingly, the government concludes that petitioner has shown neither error nor prejudice by reason of his counsel's failure to raise Ninth and Tenth Amendment claims.

The Court finds that petitioner's Ninth and Tenth Amendment arguments fail as a matter of law.  "[W]hen objection is made that the exercise of a federal power infringes upon rights reserved by the Ninth and Tenth Amendments, the inquiry must be directed toward the granted power under which the action of the Union was taken. If granted power is found, necessarily the objection of invasion of those rights, reserved by the Ninth and Tenth Amendments, must fail." United Pub. Workers of Am. v. Mitchell, 330 U.S. 75, 96 (1947).  Both the Supreme Court and the Ninth Circuit have held that 21 U.S.C. § 841, the statute underlying petitioner's convictions, is a valid exercise of Congress's Commerce Clause power, and therefore the federal government did not violate the Ninth and Tenth Amendments by prosecuting defendant under this statute. See Gonzales v. Raich, 545 U.S. 1 (2005); see also Raich v. Gonzales, 500 F.3d 850, 869 (9th Cir. 2007).

Petitioner argues that Bond v. United States, 131 S.Ct. 2355 (2011), stands for the proposition that the federal government exceeded its constitutional authority, but this argument rests on a misreading of this case. In Bond, the Supreme Court held that a defendant has standing to challenge a federal statute on grounds that it violated the Tenth Amendment. Id. at 2358. Because petitioner's standing is not at issue in this case, however, Bond does not support petitioner's position.

Because petitioner's constitutional claims both fail as a matter of law, petitioner cannot demonstrate that challenging his indictment based on the Ninth and Tenth Amendments would have created a "reasonable probability that . . . the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Petitioner has therefore failed to allege the kind of prejudice necessary to succeed on a claim of ineffective assistance of counsel, so the Court finds that petitioner's motion should be denied. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

### B.   Due Process Violation

Petitioner asserts two violations of due process as grounds for granting his motion. As an initial matter, the Court notes that petitioner waived his right to collaterally attack his sentence based on any claim other than ineffective assistance of counsel. The Ninth Circuit has held that if a waiver in a negotiated plea agreement "is made voluntarily and knowingly, then it is enforceable and does not violate due process or public policy." United States v. Navarro-Botello, 912 F.2d 318, 321. Here, petitioner does not contest that he voluntarily and knowingly entered into the plea agreement. Accordingly, petitioner's waiver bars him from raising his due process claims.

Even if petitioner's due process arguments were not waived, they would provide no grounds for reducing or vacating his sentence because they fail on the merits. Petitioner's first due process argument asserts that he was entitled to a pre-indictment

hearing to challenge his federal prosecution based on the Ninth and Tenth Amendment.[1] As explained above, petitioner cannot show that any prejudice resulted from the failure to hold such a hearing because his argument based on the Ninth and Tenth Amendments fails as a matter of law. The Court therefore rejects this argument.

Petitioner's second argument asserts that "scienter" was never applied as an element of the offenses for which he was convicted. The Court finds that this argument is contrary to the record. As the government rightly points out, the Ninth Circuit Model Jury Instructions for 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(viii) as charged in petitioner's indictment and used by the Court, explicitly include a "scienter" element. CR No. 10-1234 CAS Dkt. No. 77. The Court instructed the jury that a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(viii) requires a finding that "the defendant knowingly possessed methamphetamine; [and] . . . the defendant possessed it with the intent to distribute it to another person. . . ." Id. Therefore, the Court properly instructed the jury regarding the subjective offense elements of the crimes for which petitioner was convicted.

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: February 6, 2013

_____
CHRISTINA A. SNYDER
United States District Judge

---

[1] The Court construes petitioner's request for a "pre-indictment hearing" to encompass a request for a pre-trial hearing "alleging a defect in instituting the prosecution" pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A).